IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **NATIONAL ELECTRICAL BENEFIT FUND,** by its Trustees, Lindell K. Lee and D.R. Broden, Jr., | * * * * * * |
| Plaintiff, | * |
| v. | * Case No.: RWT 09cv2653 * |
| **MARQUISS ELECTRIC, INC.,** | * * |
| Defendant. | * * |
|  | *** |

## MEMORANDUM OPINION

Pending before the Court is a Motion to Transfer Venue filed by Defendant Marquiss Electric, Inc.'s ("Marquiss"). See Paper No. 8. Because Marquiss has not met its burden of showing that transfer to the Northern District of Indiana is warranted, the motion to transfer venue is denied.

The Trustees of National Electrical Benefit Fund ("NEBF") filed a Complaint in this Court to collect delinquent contributions allegedly owed by Marquiss pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1964 ("ERISA"). A civil action under ERISA may be "brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e). It is undisputed that venue is proper both in this District because NEBF is administered in Rockville, Maryland, and in the Northern District of Indiana because Marquiss resides there. See Pl's Opp'n 4 n.1.

A court may transfer a case to any district or division where it might have been brought for "the convenience of parties and witnesses" and to further "the interest of justice." 28 U.S.C. § 1404(a). In evaluating a motion to transfer venue, a court considers, inter alia, the plaintiff's initial forum choice, the convenience of the witnesses, the relative ease of access to other evidence, and the relative convenience of the parties in litigating in the respective forums. See Helsel v. Tishman Realty & Constr. Co., 198 F. Supp. 2d 710, 711–12 (D. Md. 2002). Unless the balance of factors "is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984) (quotation marks omitted). The decision whether to transfer venue is committed to the sound discretion of the trial court. Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir. 1991).

Marquiss has not shown that the convenience of the parties and witnesses and interest in justice outweigh NEBF's choice of forum. As mentioned, NEBF's initial forum choice is proper because NEBF—a nationwide fund with contributing employers in every state—is administered in Rockville, Maryland. "[T]o facilitate enforcement of ERISA and minimize the expense to . . . the fund in collecting delinquent payments," Congress has given fund administrators "the privilege to sue employers who fail to contribute to the fund in the district where the plan is administered without regard to the location of the employers." Trustees of Nat'l Asbestos Workers Pension Fund & Med. Fund v. Lake Erie Insulation Co., 688 F. Supp. 1059, 1060 (D. Md. 1988). While it is true that Marquiss and its witnesses (i.e., the four employees on behalf of whom Defendant failed to make payments) are inconvenienced by a Maryland venue, it is equally true that NEBF and its witness (i.e., the auditor who performed the payroll compliance reviews of Defendant's books and records) would be inconvenienced by an Indiana venue. The

same goes for access to evidence.  The Court will not disturb NEBF's choice of forum for the purpose of shifting the balance of inconvenience from Marquiss to NEBF.

     For the foregoing reasons, the Court will deny by separate order Defendant Marquiss Electric, Inc.'s Motion to Transfer Venue [Paper No. 8].

Date:  December 16, 2009

                                      /s/
                               ROGER W. TITUS
                      UNITED STATES DISTRICT JUDGE